UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CAROL MURPHY, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   2:12-cv-00372-JAW |
| | ) |
| MAINE, STATE OF, | ) |
| | ) |
|     Respondent | ) |

**RECOMMENDED DECISION**

On December 7, 2012, Carol Murphy filed a petition challenging her 2010 state convictions for assault on an officer and various other criminal offenses, alleging violations of her federal constitutional rights. On February 7, 2013, the State of Maine responded with a motion to dismiss the petition, claiming the petition was time barred. Murphy has not filed a response. A review of the record indicates that Murphy signed her petition more than one year after her convictions became final. Therefore, I recommend that the court summarily dismiss the petition.

**PROCEDURAL BACKGROUND**

On November 24, 2009, the Franklin County Grand Jury returned an indictment charging the petitioner Carol Murphy with assault on an officer, refusing to submit to arrest or detention, criminal use of an electronic weapon, and three counts of cruelty to animals. State of Maine v. Carol Murphy, No. FARSC-CR-2009-00329 (Me. Super. Ct., Fra. Cty.). At her arraignment on December 18, 2009, Murphy entered pleas of not guilty to the charges.

On February 8, 2010, the parties selected a jury and on March 3, 2010, Murphy's trial began. On March 3, 2010, the State dismissed one of the animal cruelty charges because a witness was unavailable. That same date, the jury returned guilty verdicts on all five remaining

charges.  On March 4, 2010, the Superior Court adjudged Murphy guilty as charged and convicted.  The court then imposed the following sentences: a four-year term of imprisonment in the custody of the Department of Corrections on the assault on an officer charge, with concurrent nine-month terms of imprisonment on the remaining charges.  The court also banned Murphy from possessing or owning animals for life.

Murphy did not file an application for leave to appeal the sentence pursuant to Rule 20 of the Maine Rules of Appellate Procedure and 15 M.R.S. § 2151.  On March 4, 2010, Murphy filed a notice of direct appeal pursuant to Rule 2(a)(1) of Maine Rules of Appellate Procedure and 15 M.R.S. § 2115.  State of Maine v. Carol Murphy, Law Court No. FRA-10-133.  On December 29, 2010, the Law Court affirmed the judgment of conviction in a reported decision.  State v. Murphy, 2010 ME 140, 10 A.3d 697.  On January 4, 2011, Murphy filed a motion to reconsider, which the Law Court denied on January 19, 2011.

On May 26, 2011, after obtaining an enlargement of time from Justice Breyer, Murphy filed a petition for a writ of certiorari with the United States Supreme Court.  Carol Murphy v. Maine, No. 10-10872.  On October 3, 2011, the Supreme Court issued an order denying the petition.  Murphy v. Maine, 132 S. Ct. 183 (Oct. 3, 2011).  Accordingly, Murphy's judgments of conviction became final on October 3, 2011.  On November 29, 2012, Murphy signed the current pro se Section 2254 petition and filed it with this Court on December 7, 2012.

## DISCUSSION

The one-year statute of limitations for filing 28 U.S.C. § 2254 petitions is found in 28 U.S.C. § 2244(d)(1).  There are four different dates from which the limitation period may run and the petitioner's filing will be timely if it falls inside the latest measure.  Id.  In the typical case, like this one, the most favorable limitation period runs from "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). A conviction is final when the "availability of direct appeal to the state courts and to [the U.S. Supreme Court] has been exhausted." Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) (internal quotation marks and citations omitted).

Section 2244(d) provides petitioners with a means of potentially extending the limitation period by providing that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Additionally, the Supreme Court has recognized that section 2244(d) "is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). The Court has established a two-prong test for equitable tolling that requires a petitioner to show: (1) that he has been pursuing his rights diligently and (2) that an extraordinary circumstance stood in his way and prevented timely filing. Id. at 2562; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Murphy's 28 U.S.C. § 2254 petition is time-barred by application of the one-year statute of limitations contained in 28 U.S.C. § 2244(d). Murphy's judgments of conviction became final on October 3, 2011, when her petition for certiorari was denied by the United States Supreme Court. On October 4, 2011, the section 2244(d) statute of limitations deadline began to run. Murphy does not provide any evidence that she ever filed a collateral proceeding that would have tolled the limitation period pursuant to section 2244(d)(2).[1] Nor does she offer any

---

[1] She does state the following in response to a question about state post-conviction proceedings: "Did not know I could. However, I filed a VOID AB INITIO into the original case and in 5 years the court has refused to address it. I also filed in the 2009 case but the court has ignored my filings." (Petition at 7 ¶ d.) There is no record evidence of a properly filed state post-conviction proceeding. If Murphy is trying to suggest that some impediment to filing an application was created by state action so as to reset the starting date for the one-year statute of limitation, see 28 U.S.C. § 2244(d)(1)(B), she would have to present a far more developed record.

argument that her petition should be subject to equitable tolling.  Murphy's section 2254 petition was not signed by her until November 29, 2012, and her petition is therefore time-barred.  See, e.g., Drew v. MacEachern, 620 F.3d 16 (1st Cir. 2010); David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003); Donovan v. Maine, 276 F.3d 87 (1st Cir. 2002).

## CONCLUSION

For the reasons stated above, I recommend that the Court deny Murphy relief under 28 U.S.C. § 2254, with prejudice, and dismiss the petition.  I further recommend that a certificate of appealability should not issue in the event Murphy files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

March 28, 2013                     /s/ Margaret J. Kravchuk
                                   U.S. Magistrate Judge